IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CASE NO. 4:22-CR-008-CDL-MSH |
| NADINE WORD, | : |
| Defendant. | : |

## PROTECTIVE ORDER REGARDING DISCOVERY

This matter having come before the Court on the motion of the United States of America, by and through its undersigned counsel, and the Court having found that entering a Protective Order regarding discovery materials is appropriate, and for good cause shown, **IT IS HEREBY ORDERED** that:

1. The government will produce discovery materials in this case that contain, among other things, individually identifiable information, and other private information about individuals, as well as confidential tax returns and taxpayer return information, within the meaning of Title 26, United States Code, Section 6103(b). Disclosure of such tax return and taxpayer return information is governed by Title 26 United States Code, Section 6103(a), which mandates that return and return information will be confidential except as authorized by Section 6103. Section 6103(h)(4)(D) permits disclosure to the defense of such tax return and taxpayer return information in accord with Rule 16 of the Federal Rules of Criminal Procedure, but further disclosure of this tax return and tax return information by defendant or her attorney is restricted by Section 6103.

2. The discovery materials will also include information which is governed by Rule 6(e) of the Federal Rules of Criminal Procedure.

3. The materials produced by the government may be used by the defendant, defendant's counsel and any employees or agents of defendant's counsel solely in the defense of this case.

4. Defendant's counsel and defendant will not disclose the tax return information or other private information contained in the discovery material directly or indirectly to any person except those assisting the defense, persons who are interviewed as potential witnesses, potential experts, or other authorized persons, during the course of the investigation and defense of this case.

5. The discovery material produced by the government will not be copied or reproduced unless the material is copied or reproduced for authorized persons to assist in the defense, and in the event copies are made, the copies shall be treated in the same manner as the original material.

6. When providing the discovery materials to an authorized person, the defendant's counsel must inform the authorized person that the materials are provided subject to the terms of this Protective Order and that the authorized person must comply with the terms of this Protective Order.

7. Defendant's counsel will inform the defendant of the provisions of this Protective Order, and direct her not to disclose or use any information contained in the government's discovery in violation of this Protective Order.  However, nothing contained in the Protective Order will preclude any party from applying to the Court for further relief or for modification of any provision hereof.

8. This Protective Order shall survive the final termination of this action, and upon termination of this action and termination of any appeal or other proceeding relating to the criminal action, counsel for each defendant shall certify that all copies have been destroyed or return all copies of the discovery materials to the government that are: (1) not a matter of public record; (2) not maintained for purposes of post-conviction review and representation; or (3) not maintained in defense counsel's file in accordance with the State Bar of Georgia's Rules of Professional Conduct.

**IT IS SO ORDERED**, this 25th day of April, 2022.

<u>S/Clay D. Land</u>
CLAY D. LAND
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF GEORGIA